IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH L. GRIFFIN,

                    Petitioner,                             OPINION and ORDER

        v.

                                                            26-cv-99-jdp
CHRIS BUESGEN,

                    Respondent.

---

Petitioner Keith Griffin, proceeding without counsel, seeks a petition for writ of habeas corpus under 28 U.S.C. § 2254 from respondent Chris Buesgen, warden of Stanley Correctional Institution. Dkt. 1. Griffin contends that the state of Wisconsin lacked jurisdiction to revoke his probation in Dane County case no. 2015CF997 because the revocation was based on a void Illinois state court conviction.

I must review the petition under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 authorizes me to dismiss a petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." I will dismiss the petition because it is plainly meritless.

BACKGROUND

The background is mostly from my decisions dismissing Griffin's related civil rights complaint and previous petitions under 28 U.S.C. § 2241. *See Griffin v. Meisner*, 25-cv-328-jdp, Dkt. 6; *Griffin v. Popp*, 25-cv-258-jdp, Dkt. 12; *Griffin v. Barrett*, 25-cv-200-jdp, Dkt. 3; *Griffin v. Perez*, 25-cv-145-jdp, Dkt. 12. In 2015, Griffin was convicted of taking and driving a vehicle without consent in the '997 Dane County case. He was sentenced to two years of initial

confinement and two years of extended supervision, imposed and stayed for three years of probation.

In 2018, Griffin was charged with and convicted in Cook County (Ill.) Circuit Court of being an armed habitual criminal and of unlawful use of a weapon by a felon. *People v. Griffin*, 2022 IL App (1st) 190499, ¶ 1. The circuit court sentenced Griffin to eight years of imprisonment, and its judgment was affirmed on appeal. *Id.* The Supreme Court of Illinois denied Griffin's petition for review. *People v. Griffin*, 197 N.E.3d 1132 (Ill. 2022) (table). While his direct appeal was pending, Griffin filed a habeas corpus petition in the Cook County Circuit Court, which denied it. The Illinois appellate court granted Griffin's counsel's motion to dismiss the appeal of the habeas decision because it raised no issue of legal merit, and it affirmed the dismissal. Griffin then brought a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the U.S. District Court for the Northern District of Illinois, which is pending. *Griffin v. Jones*, 24-cv-270 (N.D. Ill.).

In February 2025, Griffin's probation in the '997 case (the 2015 Dane County case) was revoked, in large part based on the conduct charged in the 2018 Cook County case. The administrative law judge (ALJ) imposed the sentence that had been stayed in the '997 case. The Wisconsin Division of Hearings and Appeals sustained the ALJ's decision. Dkt. 1 at 30.

ANALYSIS

I begin with the issue of exhaustion. Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). To meet this requirement, the petitioner must complete the revocation proceedings and then present his claims at each level of review in the

state-court system. *See Wilson*, 58 F.4th at 319; *Griffin v. Hafemann*, No. 15-cv-140, 2015 WL 566593, at *1 (E.D. Wis. Feb. 9, 2015). Wisconsin allows review of probation revocation decisions by petition for writ of certiorari filed in the court of conviction. *Griffin*, 2015 WL 566593, *1. If unsuccessful, the petitioner must appeal the circuit court's decision to the state court of appeals and, if unsuccessful there, seek review in state supreme court. *Smith v. Benzel*, No. 23-cv-1405, 2024 WL 493288, at *1 (E.D. Wis. Jan. 25, 2024), *report and recommendation adopted*, 2024 WL 756072 (E.D. Wis. Feb. 23, 2024).

It's unclear from the docket sheet in the '997 case whether Griffin has met the exhaustion requirement. But I need not decide that issue because a district court may deny a § 2254 petition on the merits even if the petitioner fails to exhaust his state-court remedies. 28 U.S.C. § 2254(b)(2).

I turn to the merits of the petition. Griffin appears to bring a due process claim, contending that the state lacked jurisdiction to revoke his probation in the '997 case because the revocation was based on a void conviction in Illinois state court. But the Illinois state-court record, as set forth above, contradicts this contention. Griffin's Illinois conviction was affirmed on appeal, and it was not invalidated in any postconviction proceeding. Griffin contends, as he has previously in this court, that the Illinois conviction was voided in a mandamus action in that state. *See* Dkt. 1 at 13. But Griffin brought the mandamus action only to compel a response to a request for documents related to his criminal case made under the Freedom of Information Act. *See Griffin*, 24-cv-270, Dkt. 12 at 4 n.2. The Cook County Circuit Court dismissed the mandamus action for lack of jurisdiction. *Id.*; Dkt. 1 at 13. That dismissal did not invalidate the Illinois conviction; this contention is frivolous.

I will deny Griffin's petition because it is plainly meritless. An evidentiary hearing is not warranted for the same reason. *See Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018) ("The district court need not hold an evidentiary hearing for vague or conclusory allegations."). Griffin is again cautioned that if he continues to bring plainly meritless lawsuits in this court, a filing bar may be imposed.

### CERTIFICATE OF APPEALABILITY

Griffin seeks relief under § 2254, so he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Griffin makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Griffin "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Griffin has not made this showing, so I will deny a certificate of appealability.

### ORDER

IT IS ORDERED that:

1. Petitioner Keith L. Griffin's habeas petition, Dkt. 1, is DISMISSED as plainly meritless.

2. A certificate of appealability is DENIED.

3. The clerk of court is directed to enter judgment and close the case.

Entered April 1, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4